IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
March 20, 2019 Session

**STATE OF TENNESSEE v. EMMANUEL DESHAWN BOWLEY**

**Appeal from the Circuit Court for Montgomery County
No. 63CC1-2016-CR-384   Jill Bartee Ayers, Judge**

_____

**No. M2018-00234-CCA-R3-CD**

_____

A Montgomery County jury convicted the Defendant, Emmanuel Deshawn Bowley, of conspiracy to distribute more than 300 grams of cocaine, possession of more than 300 grams of cocaine with the intent to sell, simple possession of marijuana, attempted possession of a deadly weapon during the commission of a dangerous felony, and attempted possession of illegal drug paraphernalia.   The trial court ordered that the Defendant serve an effective sentence of sixteen years in the Tennessee Department of Correction.   On appeal, the Defendant asserts that: (1) the trial court improperly denied his motion to sever; (2) the trial court erred when it denied his motion to suppress based on an invalid wiretap; (3) the trial court erred when it admitted evidence seized from a co-defendant; and (4) the evidence is insufficient to support his convictions.   After a thorough review of the record and applicable law, we affirm the trial court's judgments.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Circuit Court Affirmed**

ROBERT W. WEDEMEYER, J., delivered the opinion of the Court, in which NORMA MCGEE OGLE and J. ROSS DYER, JJ., joined.

Brian E. Price, Clarksville, Tennessee, for the appellant, Emmanuel Deshawn Bowley.

Herbert H. Slatery, III, Attorney General and Reporter; M. Todd Ridley, Assistant Attorney General; John W. Carney, Jr., District Attorney General; and Chris W. Dotson, Assistant District Attorney General for the Appellee, State of Tennessee.

**OPINION**
**I. Background and Facts**

This case arises from a wiretap investigation that revealed the Defendant's sale and

delivery of large amounts of cocaine and marijuana to his co-defendants. Based on this information, law enforcement searched the Defendant's residence wherein they discovered cocaine, marijuana, and a firearm. Based on this evidence, a Montgomery County grand jury indicted the Defendant, as part of a 40-count indictment, for: conspiracy to distribute more than 300 grams of cocaine (Count 1); conspiracy to distribute more than 70 pounds of marijuana (Count 2); money laundering (Count 3); possession of more than 300 grams of cocaine with intent to sell (Count 11); possession of more than a half ounce of marijuana with intent to sell (Count 12); possession of a firearm during the commission of a dangerous felony (Count 13); and possession of drug paraphernalia (Count 16).[1]

## A. Motion to Sever

Prior to trial, the Defendant filed a motion to sever his trial from his co-defendants, which was unopposed by the State and granted by the trial court. The Defendant also filed a motion for severance of the offenses, which was heard on June 5, 2017. A transcript of the hearing is not included in the record. The trial court granted the motion to sever as to Count 3, money laundering, but, in an order, found that the remaining indicted offenses "can constitute a common scheme or plan" and that "the evidence of those offenses would be relevant to each other[.]" The trial court further found that the probative value of that evidence, presented at one trial, outweighed the potential risk of unfair prejudice to the Defendant.

## B. Motion to Suppress

The Defendant subsequently filed a motion to suppress statements made by the Defendant to Agent Will Evans of the Clarksville Police Department during the search of his residence. He contended that he had made an "unambiguous request" for an attorney in response to his *Miranda* rights being recited to him. He contended that he was subject to an unlawful custodial interrogation and that his statements should be suppressed. The Defendant filed a second motion to suppress evidence obtained from a wiretap of the Defendant's cell phones, pursuant to what he contended was an invalid application for a wiretap on the bases that it did not properly identify the authorizing District Attorney General and because it lacked probable cause. The State responded that the application properly identified the authorizing District Attorney and that probable cause had been sufficiently established. A hearing was held, also on June 5, 2017, according to the technical record. A transcript of this hearing is not included in the record. In an order, the trial court denied the Defendant's motion, finding that the wiretap application sufficiently identified the District Attorney authorizing the application. The trial court further found that the application contained sufficient probable cause.

---

[1] The Defendant's co-defendants were indicted for additional offenses not relevant to this appeal. The Defendant was also indicted for two counts of theft, which were dismissed prior to trial.

## C. Trial

At the Defendant's trial, Tyvis Woody testified that he was employed as a drug agent with the Clarksville Police Department ("CPD"). Agent Woody executed a search warrant at the Defendant's residence wherein he discovered cocaine, weapons and ammunition, as well as drug making paraphernalia, including scales, Pyrex dishes, and latex gloves. Several bags of marijuana were discovered in the back of a vehicle parked in the driveway.

Lou Chaney, a narcotics investigator with the CPD, testified that he assisted in the execution of the search warrant at the Defendant's residence and the collection of evidence. Investigator Chaney searched the Defendant's person and discovered a weapon, a .22 caliber pistol. He also collected a bag of powder cocaine and marijuana found in a suitcase.

On cross-examination, Investigator Chaney recalled that there were three other people inside the residence with the Defendant when the search warrant was executed.

Will Evans testified that he was a drug agent with the CPD and that he was the affiant for the search warrant executed at the Defendant's residence on June 9, 2015. Agent Evans took a statement from the Defendant after he had been taken into custody. The Defendant told Agent Evans that he had cocaine inside the residence that he had purchased out of town. The Defendant told Agent Evans that he would pay $36,000 for a kilo of cocaine and would sell it for $1,050 an ounce. The Defendant advised that there was a firearm inside the residence. During the search of the residence, Agent Evans found a digital scale, a Pyrex dish typical for cooking crack cocaine, a firearm, and a safe with cash inside. The Defendant admitted to reducing some cocaine into crack cocaine but said he did not plan to sell it. The Defendant said that the vehicles parked outside the residence belonged to him and his brother. Agent Evans searched the Defendant's vehicle parked outside the residence, a Nissan Maxima, which contained a receipt inside with the Defendant's name on it, as well as other documents identifying the Defendant as the owner of the vehicle.

Agent Evans identified a bag of white powder cocaine found in the Defendant's bedroom that he stated the Defendant claimed. He also identified bags of marijuana in brick form, found in the Defendant's residence.

James Whitsett, an agent with the Drug Enforcement Administration ("DEA"), testified that he participated in the search of the Defendant's residence and was present during Agent Evans's interview of the Defendant. Agent Whitsett recalled hearing Agent

3

Evans issue a *Miranda* warning to the Defendant and stated that the Defendant spoke to Agent Evans afterwards. Agent Whitsett recalled what transpired during the interview consistently with Agent Evans's testimony.

On cross-examination, Agent Whitsett recalled interviewing several other occupants of the residence.

Robert Schlafly testified that he worked for the Tennessee Bureau of Investigation ("TBI") and that he participated in the search of the Defendant's residence. Agent Schlafly witnessed Agent Evans Mirandize and interview the Defendant. Agent Schlafly recalled that the Defendant stated that he had some amount of cocaine in his bedroom and at least one firearm in the house. The Defendant made a statement about the price of a kilo of cocaine and what he was selling it for.

Glen Jay Glenn, a forensic scientist employed by the TBI, testified that he tested the substances seized from the Defendant's residence. One batch of white substance tested positive for cocaine, weighing approximately 445 grams. Another white substance also tested positive for cocaine, weighing 56 grams. Another sample, a green substance, tested positive for marijuana weighing approximately 12 pounds. A fourth sample, also a green substance, tested positive for marijuana weighing approximately 5 pounds.

Griffie Briggs testified that he worked as a narcotics agent for the Clarksville Police Department and that he performed surveillance on the Defendant and another suspect at Dollar General Store. He observed the two men drive into the store's parking lot in separate vehicles and observed the Defendant get into the other suspect's vehicle for approximately two minutes. The Defendant then exited the vehicle and both vehicles drove away. A bag of cocaine was later discovered in the other suspect's vehicle.[2]

Based on this evidence, the jury convicted the Defendant of conspiracy to distribute more than 300 grams of cocaine, possession of more than 300 grams of cocaine with the intent to sell, simple possession of marijuana, attempted possession of a deadly weapon during the commission of a dangerous felony, and attempted possession of illegal drug paraphernalia. The trial court sentenced the Defendant to a total effective sentence of sixteen years. It is from these judgments that the Defendant now appeals.

## II. Analysis

On appeal, the Defendant asserts that: (1) the trial court improperly denied his motion to sever the indicted offense; (2) the trial court erred when it denied his motion to

---

[2]The other suspect was indicted as a co-defendant in this case, although his indictment was later severed.

suppress based on an invalid wiretap; (3) the trial court erred when it admitted evidence seized from a co-defendant; and (4) the evidence is insufficient to support his convictions.

## A. Motion to Sever

The Defendant contends that the trial court erred when it denied his motion to sever the indicted offenses because "any probative value" of presenting the evidence in a single trial would be outweighed by the prejudicial effect on the Defendant. The State responds that the Defendant has waived this issue for failure to include in the record a transcript of the hearing on the motion to sever the offenses. We agree with the State.

The Defendant has failed to include a transcript of the hearing on his motion to sever. It is the duty of the appellant to provide a record which conveys a fair, accurate, and complete account of what transpired with regard to the issues which form the basis of the appeal. *See* Tenn. R. App. P. 24(b) ("the appellant shall have prepared a transcript of such part of the evidence or proceedings as is necessary to convey a fair, accurate and complete account of what transpired with respect to those issues that are the bases of appeal"); *see State v. Taylor*, 992 S.W.2d 941, 944 (Tenn. 1999). The failure to prepare an adequate record for review of an issue results in a waiver of that issue. *Thompson v. State*, 958 S.W.2d 156, 172 (Tenn. Crim. App. 1997). Therefore, this issue is waived.

## B. Motion to Suppress

The Defendant next contends that the trial court erred when it denied his motion to suppress evidence obtained pursuant to an unauthorized wiretap application. He contends that the wiretap applications did not comply with Tennessee Code Annotated section 40-6-304, which requires that the wiretap application identify the law enforcement officer and District Attorney General. The State responds that the Defendant has waived this issue for failure to include a transcript of the suppression hearing in the record and for including in the record a "piecemeal" version of the wiretap application as it was attached to pleadings at the trial court level. The State asserts that the wiretap application was proper because a separate document was attached to it identifying the proper parties, consistent with the requirements of section 40-6-304. We agree with the State.

As we stated earlier, it is the Defendant's responsibility here to provide this court with a complete record of the proceedings below. *See* Tenn. R. App. P. 24(b). Without a transcript of the trial court's finding on the motion to suppress, we cannot determine whether "the evidence in the record preponderates against" the trial court's findings, as is the appropriate standard. *State v. Meeks*, 262 S.W.3d 710, 722 (Tenn. 2008). When reviewing a trial court's review of the issuing court's order permitting a wiretap, we must decide whether the trial court erred in concluding that the issuing court had a "substantial

basis" for finding probable cause. *State v. King*, 437 S.W.3d 856, 864 (Tenn. Crim. App. Sept. 24, 2013) (citing *State v. Moore*, 309 S.W.3d 512, 523 (Tenn. Crim. App. 2009)).

As the State points out, the wiretap application is included in the record as an attachment to the memorandum of law in support of the Defendant's motion to suppress. Also attached to the memorandum is an authorization for each wiretap signed by District Attorney General John Carney, identifying the agent seeking the wiretap. This evidence is sufficient to review the narrow issue presented by the Defendant. The prevailing party "is entitled to the strongest legitimate view of the evidence adduced at the suppression hearing as well as all reasonable and legitimate inferences that may be drawn from that evidence." *State v. Talley*, 307 S.W.3d 723, 729 (Tenn. 2010) (quoting *State v. Odom*, 928 S.W.2d 18, 23 (Tenn. 1996)). Based on the wiretap application and its attachment, we conclude that the evidence does not preponderate against the trial court's finding that the application properly complied with the requirements for a wiretap application. *See* T.C.A. § 40-6-304(a)(1) ("Each application for an order authorizing the interception of a wire, oral or electronic communication shall . . . state the investigative or law enforcement officer's authority to make the application and shall include the . . . [i]dentity of the investigative or law enforcement officer making the application, and the district attorney general authorizing the application;"). The Defendant is not entitled to relief on this issue.

### C. Admission of Evidence

The Defendant next contends that the trial court erred when it allowed certain evidence to be admitted at trial. He contends that the evidence of the cocaine seized from a co-defendant, Michael Caudle, was admitted in violation of the Defendant's Sixth Amendment right to confrontation of witnesses. He contends that law enforcement's testimony about the cocaine seized from the co-defendant amounted to the co-defendant testifying against him. The State responds that there is no confrontation issue present because the State did not present any testimony from Michael Caudle, without the opportunity for cross-examination, as is the Defendant's right pursuant to the Sixth Amendment. We agree with the State.

The confrontation clause of the Sixth Amendment provides two types of protection for criminal defendants: the right to physically face those who testify against him, and the right to cross-examine witnesses. *Pennsylvania v. Ritchie*, 480 U.S. 39, 51 (1987); *see also Crawford v. Washington*, 541 U.S. 36 (2004). We agree with the State that no confrontation issue arises here because the co-defendant did not testify against him at trial, nor was any out-of-court statement made by the co-defendant sought to be admitted. The evidence that cocaine was seized from the co-defendant's car, in which the Defendant was seen sitting, does not amount to a violation of the Defendant's Sixth Amendment right. The Defendant is not entitled to relief on this issue.

6

## D. Sufficiency of the Evidence

The Defendant lastly contends that the evidence is insufficient to support his convictions. He has failed to include an argument in his brief in support of this issue, again risking waiver of this issue. The Rules of Appellate Procedure require that citations to authority and references to the record be included in the argument portion of the brief. Tenn. R. App. P. 27(a)(7). The rules of this court also contemplate waiver of issues not supported by citation to authorities or appropriate references to the record. *See* Tenn. R. Ct. Crim. App. 10(b) ("Issues which are not supported by argument, citation to authorities, or appropriate references to the record will be treated as waived in this court."). Notwithstanding this deficiency in the Defendant's brief, we will, in the interest of justice, review the sufficiency of the evidence.

When an accused challenges the sufficiency of the evidence, this Court's standard of review is whether, after considering the evidence in the light most favorable to the State, "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *see* Tenn. R. App. P. 13(e). In determining the sufficiency of the evidence, this court should not re-weigh or reevaluate the evidence. *State v. Matthews*, 805 S.W.2d 776, 779 (Tenn. Crim. App. 1990). Nor may this court substitute its inferences for those drawn by the trier of fact from the evidence. *State v. Buggs*, 995 S.W.2d 102, 105 (Tenn. 1999) (citing *Liakas v. State*, 286 S.W.2d 856, 859 (Tenn. 1956)).

This court must afford the State of Tennessee the "'strongest legitimate view of the evidence'" contained in the record, as well as "'all reasonable and legitimate inferences'" that may be drawn from the evidence. *State v. Goodwin*, 143 S.W.3d 771, 775 (Tenn. 2004) (quoting *State v. Smith*, 24 S.W.3d 274, 279 (Tenn. 2000)). Because a verdict of guilt against a defendant removes the presumption of innocence and raises a presumption of guilt, the convicted criminal defendant bears the burden of showing that the evidence was legally insufficient to sustain a guilty verdict. *State v. Carruthers*, 35 S.W.3d 516, 557-58 (Tenn. 2000) (citations omitted).

The Defendant was convicted of conspiracy to distribute more than 300 grams of cocaine, possession of more than 300 grams of cocaine with the intent to sell, simple possession of marijuana, attempted possession of a deadly weapon during the commission of a dangerous felony, and attempted possession of illegal drug paraphernalia. The evidence presented, viewed in the light most favorable to the State, was that the Defendant's residence was searched pursuant to a warrant. Inside, cocaine, weapons, and drug paraphernalia were discovered. Marijuana was discovered in the Defendant's vehicle. The Defendant made statements about purchasing the cocaine and told law

7

enforcements the price he would set to sell the cocaine. He admitted to cooking some cocaine into crack form, and he also admitted to having a weapon in the house; additionally, a weapon was found on the Defendant's person. This is sufficient evidence from which a jury could have concluded beyond a reasonable doubt that the Defendant was guilty of his crimes. The Defendant is not entitled to relief.

### III. Conclusion

In accordance with the aforementioned reasoning and authorities, we affirm the trial court's judgments.

_____
ROBERT W. WEDEMEYER, JUDGE